Argued October 1, 1954, writ quashed January 26, 1955

STATE ᴇx ʀᴇʟ. PORTLAND TRUST BANK *v.*
HOWELL ᴇᴛ ᴀʟ.
279 P. 2d 490

*H. H. Phillips* argued the cause for plaintiff. On the briefs were Phillips, Coughlin, Buell & Phillips, of Portland.

*Wilber Henderson,* of Portland, argued the cause and filed briefs for defendant Howell.

*Elton Watkins,* of Portland, argued the cause and filed briefs for defendant Dickson.

Before LATOURETTE*, Chief Justice, and ROSSMAN, LUSK, TOOZE and PERRY, Justices.

TOOZE, J.

This is an original proceeding in mandamus instituted by the state of Oregon ex rel. Portland Trust Bank, a corporation, conservator of the estate of Harold F. Thornton, incompetent, as plaintiff, against the circuit court for Multnomah county, Franklin C. Howell, circuit judge pro tempore; Ashby C. Dickson, circuit judge of the probate department; and Terry D. Schrunk, sheriff of Multnomah county, as defendants. The action involves a conflict between the jurisdictions of the probate department of the circuit court and the circuit court sitting in equity.

On this day we have handed down an opinion in the case of Henry B. Taylor and Elizabeth A. Taylor, as plaintiffs, against Jasper Grant, Harold F. Thornton and Portland Trust Bank, a corporation, conservator of the estates of Jasper Grant and Harold F. Thornton, incompetents, as defendants. (*Taylor v. Grant,* 204 Or —, 279 P2d 479.) A complete statement of the facts and circumstances out of which the instant proceeding arose is to be found in that opinion.

■ The appointment of Portland Trust Bank as conservator of the estates of Jasper Grant and Harold F. Thornton, Indians and incompetents, was in every way regular and proper and strictly pursuant to the statutes of this state in such cases made and provided. The probate department of the circuit court had jurisdiction over the subject matter; in fact, it had exclusive jurisdiction.

---

* Chief Justice when the case was argued.

The monies in the estates of said incompetents had been received by them from Henry B. Taylor as part of the consideration for the conveyance of their beneficial interest in Indian-allotted lands located in Curry county, Oregon. At the time the conservatorship proceedings were instituted, this money belonged to Grant and Thornton. Later, the land transaction was set aside by the United States District Court for the District of Oregon in a suit instituted by the United States government on behalf of its Indian wards on the ground of fraud. The district court found that the Taylors were entitled to a return of the monies paid by them as consideration for the transfer to them of the lands and ordered the Portland Trust Bank to pay over to the Taylors all sums remaining in its hands as conservator. The Court of Appeals for the ninth circuit reversed this part of the trial court's decree because of lack of jurisdiction to enter judgment against the Bank, it not being a party to the litigation, but did so without prejudice to the right of the Taylors to bring suit against the Bank to recover those sums. *Siniscal v. U. S.*, 208 F2d 406.

The Taylors instituted such suit in the circuit court for Multnomah county, and it is that suit which we have finally determined by our opinion of today. *Taylor v. Grant,* supra.

During the course of the conservatorship proceedings, the probate court made orders directing payment of compensation as fixed by the court to the Bank, as conservator, and to its attorneys for their services performed on behalf of the estates. When the Taylors instituted their suit, these sums so awarded had not been paid in full; in fact, the greater portion thereof remained unpaid.

In the suit instituted by the Taylors the circuit court

granted an injunction restraining the Bank from paying anything out of the funds in its hands as conservator pending the litigation. Upon decree being entered in the suit in favor of the Taylors, an attempt was made by execution to seize all the funds in the hands of the Bank. About the same time the probate court entered an order directing the Bank to appear and show cause why it should not be adjudged guilty of contempt for failure to obey the orders of that court respecting the payment of the compensation awarded.

Faced with this conflict between the two courts, the Bank instituted this proceeding in mandamus. All action in both the probate court and the circuit court sitting in equity, respecting the matters now being discussed, was suspended pending final determination by this court of this action. The questions at issue were discussed in written briefs filed by the parties in July, 1954, and the matter was argued orally and finally submitted to us on October 1, 1954. Designedly, we withheld action in this matter pending our ultimate decision in the principal case.

■ In the light of our decision in the principal case, where we have fully settled all the real issues between the parties, it is unnecessary for us to decide the questions raised in the mandamus proceeding. They have become moot. We do not pass upon the jurisdictional questions raised nor the propriety of the use of the writ of mandamus in situations such as this, leaving those issues open until we are presented with a case when a decision thereon is necessary.

The writ is quashed.