Argued October 31, appeal dismissed December 29, 1967, petition for rehearing denied January 23, 1968

## COIN MILLWORK COMPANY, *Respondent, v.* LUMBER & SAWMILL WORKERS UNION ET AL, *Appellants.*

435 P. 2d 1015

*Paul T. Bailey,* Portland, argued the cause for appellants. With him on the briefs were Bailey, Swink, Haas & Lansing, and Ronald B. Lansing, Portland.

*Verne W. Newcomb,* Portland, argued the cause for respondent. With him on the brief were Bodie, Minturn & Glantz, and James F. Bodie, Prineville, and Sabin, Dafoe & Newcomb, and Jack B. Schwartz, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOOD-RICH, Justices.

McALLISTER, J.

Plaintiff, Coin Millwork Company, brought this suit in equity to enjoin the defendant unions, and the officers and members thereof, from alleged unlawful picketing and other activity. The court below issued a temporary injunction, and the defendants appeal. The defendants contend on appeal that the trial court could not issue a temporary injunction without first complying with the procedural requirements of our anti-injunction statute, ORS 662.010 to 662.130, frequently referred to as the "Little Norris-LaGuardia Act."

This suit is still pending in the court below, but has not been tried, and when this matter was argued in this court was not yet at issue.

It is alleged in plaintiff's complaint that plaintiff operates a manufacturing plant near Prineville; that the defendants conspired and agreed on a course of conduct designed to shut down plaintiff's plant on April 15, 1966, through threats to and intimidation of plaintiff's employees; that threats of violence and reprisal were made to employees wanting to continue to work for plaintiff; that pickets were massed at the main gate of plaintiff's plant when the day shift was coming to work, and again when the day shift was leaving and the night shift was entering the plant; that between 20 to 30 motor vehicles were parked in the roadway leading to plaintiff's plant so as to make ingress and egress difficult and dangerous; and that acts of violence were attempted and perpetrated upon the person and property of persons entering and leav-

ing plaintiff's plant. The complaint alleged that some of plaintiff's employees were intimidated, that plaintiff had to cut its operations to one shift, and that plaintiff was damaged by defendants' conduct. The plaintiff prayed for a temporary injunction, for damages, and for a permanent injunction against the acts alleged in the complaint.

It is conceded that the procedural requirements of the anti-injunction statute were not complied with in this case. As we said in *Markham & Callow v. Inter. Woodworkers,* 170 Or 517, 539, 135 P2d 727 (1943):

"* * * It follows that if the case at bar involved or grew out of a labor dispute, and if the injunction was issued against persons participating or interested in such labor dispute, then the injunction must be vacated. * * *"

Plaintiff contends that the anti-injunction statute is not applicable, and relies on *State of Oregon ex rel v. Dobson,* 195 Or 533, 245 P2d 903 (1952), where this court said, at 195 Or 570:

"Where picketing is for an unlawful purpose, no 'labor dispute' exists within the meaning of Oregon's anti-injunction act. * * *"

Although this case poses some interesting problems, it appears that they have been rendered moot by the passage of time, and we deem it advisable not to decide them on this appeal.

The temporary injunction from which this appeal was taken was entered on April 25, 1966, more than a year and a half ago. At that time the defendant Local Union No. 3098 was the bargaining agent of plaintiff's employees. On August 6, 1966, all picketing at plaintiff's plant ceased, and a majority of the employees then on strike subsequently returned to

work. On January 12, 1967, as the result of a National Labor Relations Board election the defendant local ceased to be the bargaining agent of plaintiff's employees. In view of all these developments, it is a matter of no consequence whether the temporary injunction remains in effect or is vacated.

Under the circumstances we would be deciding an abstract proposition of law, which this court has consistently declined to do. *Greyhound Park v. Ore. Racing Com.*, 215 Or 76, 79, 332 P2d 634 (1958), and cases there cited. Furthermore, we would be deciding the legal questions involved on the basis of a meager record consisting largely of the allegations of the complaint and a few brief affidavits. We prefer to decide questions such as those involved here on a more complete factual record. Whether this is a case involving or growing out of a labor dispute is, after all, largely a question of fact.

The plaintiff's motion to dismiss this appeal was originally denied, with leave to renew the motion in the briefs and on oral argument. The motion was renewed, and is now granted.

The appeal is dismissed.