Argued and submitted March 8, alternative writ dismissed June 7, 1983

STATE ex rel MULTNOMAH COUNTY EDUCATION
SERVICE DISTRICT et al,
*Plaintiffs-relators,*

*v.*

DOOLEY,
*Defendant,*

*v.*

SCHOOL DISTRICT NO. 1,
MULTNOMAH COUNTY et al,
*Intervenors.*

(SC 29132)

664 P2d 417

Charles F. Hinkle, Portland, argued the cause for plaintiffs-relators. With him on the brief were Phillip D. Chadsey, and Stoel, Rives, Boley, Fraser and Wyse, Portland, and John W. Burgess, Portland.

Mark C. McClanahan, Portland, argued the cause for intervenors. With him on the briefs were Mary Ann Frantz, Jonathon L. Goodling, and Miller, Nash, Yerke, Wiener & Hager, Portland.

No appearance by defendant.

Before Lent, Chief Justice, and Peterson, Campbell, Roberts, Carson, and Jones, Justices.

PER CURIAM

**PER CURIAM**

We dismiss the alternative writ of mandamus previously issued because a final judgment has been entered in the case which gave rise to the issuance of the alternative writ. The question here involved is now abstract and probably moot as well.

In July, 1981, the Portland School Board decided to close Jackson High School beginning with the 1982-83 school year. Dissatisfied residents of the Jackson High area petitioned the Multnomah County Education Service District (ESD) to form a new administrative school district including all or part of the former Jackson High attendance area.

Following hearings in July, 1982, ESD adopted a resolution to develop a plan for the creation of an administrative school district for the Jackson High area. In August, 1982, the Portland School District and others filed a declaratory judgment action in circuit court (*School District No. 1 et al,* Plaintiffs *v. Multnomah County Education Service District et al,* Defendants), alleging, among other things, that ESD had no authority to create a new administrative school district in the Jackson High area, and asking for a declaration of rights and for injunctive relief. The ESD board later adopted a further resolution regarding the plan for the establishment of a new school district in the Jackson High area.

In November, 1982, counsel for the Portland School District took depositions of ESD board members, during which questions were asked about why the board members had voted as they did on the resolutions relating to the proposed school district. ESD counsel instructed the board members not to answer the question on the grounds that discovery of the board members' motives and thought processes are outside the scope of discovery permitted by ORCP 36B. Portland School District filed a motion to compel and the trial judge, defendant here, ordered the board members to "answer all questions * * * pertaining to their actions and decisions alleged in the complaint * * * or which appear reasonably calculated to lead to the discovery of admissible evidence," except for "privileged matters provided by the Oregon Code of Evidence."

The plaintiffs here, the district and its board members (defendants in the circuit court proceeding), filed a petition for an alternative writ of mandamus to vacate the discovery order. The writ was issued on December 29, 1982, and was heard on March 8, 1983. In the meantime, beginning on February 22, 1983, the case of *School District No. 1 et al v. Multnomah County Education District, et al,* was tried. Neither side called any of the ESD board members as witnesses. On April 18, 1983, judgment was entered in favor of ESD, and a notice of appeal to the Court of Appeals was filed on May 12, 1983.

With the entry of judgment and the taking of an appeal the issues in this mandamus proceeding are now of academic interest only. Only in the most technical sense can it be said that the controversy is not moot. Although it is possible that the dispute would arise anew if the Court of Appeals or this court reversed and remanded the underlying case to the trial court for further proceedings, even then it is doubtful whether our ruling in this mandamus proceeding would have any effect in the underlying litigation. Under the circumstances we would be deciding an abstract proposition of law, without practical effect, which this court has declined to do. *State ex rel Juv. Dept. v. Holland,* 290 Or 765, 767, 625 P2d 1318 (1981); *Coin Millwork v. Lbr. & Sawmill Union,* 248 Or 617, 620, 435 P2d 1015 (1968). *Cf. Callbeck et al v. Kell et al,* 211 Or 640, 642-43, 317 P2d 589 (1957) (appeal from circuit court issuance of peremptory writ mooted); *Makinson v. School District No. 4.,* 209 Or 232, 236, 304 P2d 1076 (1956) (appeal from circuit court issuance of alternative writ mooted); *State ex rel v. Howell et al,* 203 Or 200, 203, 279 P2d 490 (1955) (original mandamus proceeding mooted by decision in related case).

Alternative writ dismissed.