Argued and submitted November 15, 1989, affirmed January 17, reconsideration
denied March 14, petition for review allowed April 3, 1990 (309 Or 645)
Petition for review dismissed as improvidently granted June 21, 1990 (310 Or 120)

# DYNAGRAPHICS, INC.,
*Respondent,*

*v.*

# UNITED STATES NATIONAL BANK OF OREGON,
*Appellant.*

## (A8702-01357; CA A50655)

785 P2d 760

James N. Westwood, Portland, argued the cause for appellant. With him on the briefs were John F. Purcell, Carolyn E. Wells and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Kevin P. O'Connell, Portland, argued the cause for respondent. With him on the brief were Eric M. Bosse, Christopher P. Vice and O'Connell & Goyak, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the judgment entered on the jury's verdict in plaintiff's favor on both of its claims in this action for negligent misrepresentation and breach of contract. We affirm.

Plaintiff is in the printing business and had a line of credit with U.S. National Bank (defendant), secured by plaintiff's accounts receivable. A receivable that exceeded ten percent of plaintiff's total receivables could not be included in plaintiff's "borrowing base," unless defendant agreed otherwise. In early 1984, plaintiff renewed its line of credit. At that time, it was contemplating an extensive printing project for Beyond Words Publishing Company, of which Richard Cohn, another customer of defendant, was a principal. Plaintiff contends that defendant agreed, as part of and during discussions concerning the parties' credit arrangement, to review and provide plaintiff with information about Cohn's "creditworthiness" and that defendant failed to do so. Plaintiff maintains that defendant's affirmative representation and, more saliently, its failure to advise plaintiff otherwise caused plaintiff to conclude that Cohn's financial condition was satisfactory and to undertake the project. Plaintiff did so, and Beyond Words Publishing Company fell in arrears on its payments.[1] Plaintiff alleged that defendant was negligent and breached its contract by not properly performing the credit check. The jury returned special interrogatories in plaintiff's favor on the two claims and, after plaintiff's comparative fault on the negligence claim was factored in, awarded identical and overlapping damages on both. A proper verdict on either claim would independently support the judgment. It is therefore necessary for us to address only the assignments that relate to the contract claim.[2]

---

[1] It appears that Cohn, Beyond Words Publishing Company or persons or entities associated with them have paid plaintiff a substantial amount and remain obligated for the balance. We do not know whether they are still paying. If so, defendant makes no independent issue of that.

[2] Defendant makes six assignments of error and understands that all six bear on the contract claim. However, the first assignment clearly does not. It states:

"The trial court erred in submitting Dynagraphics' claims to the jury because the complaint failed to state a legally cognizable claim."

Defendant cites no ruling and makes no reference to the record in the assignment. Assuming that the assignment is reviewable, it has nothing to do with the contract claim. The supporting argument deals with whether "negligent misrepresentation" is

■     Defendant assigns error to the denial of its motion for a directed verdict on the contract claim. Defendant does not argue that plaintiff failed to prove the breach of *a* contract. Defendant's theory is that the "credit agreement" alleged in the complaint refers to defendant's letter to plaintiff's president offering the line of credit and that that letter creates no obligation to plaintiff of the kind alleged. Therefore, defendant concludes, plaintiff did not prove a breach of *the* contract that it pleaded.[3]

Plaintiff responds by this characterization of defendant's argument:

> "First, the Bank attempts to circumscribe narrowly the 'contract' in issue. Next, the Bank alleges there is *no* evidence from which a reasonable jury could conclude that the Bank breached the so-circumscribed 'contract.'" (Emphasis plaintiff's.)

We agree with plaintiff that the allegations were sufficient to allow proof of a contract other than the letter to which defendant attempts to confine them, and plaintiff offered sufficient evidence to support the findings that there was a contract and that it was breached.[4]

---

an actionable tort and with other issues that can relate only to the tort claim. *See Duyck v. Tualatin Valley Irrigation Dist.,* 304 Or 151, 742 P2d 1176 (1987).

Defendant's third assignment challenges the denial of its motions for a directed verdict on its Statute of Limitations defense. The jury found that plaintiff brought the action within two years after it "could reasonably have known of damage from negligence of the defendant." Defendant now argues that the contract claim as well as the negligence claim was time-barred. It relies on *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980). Even assuming that defendant's directed verdict motions on the limitation issue can be read to include the contract claim, the defense was submitted to the jury only in connection with the negligence claim. Defendant does not assign error about, or argue that it sought or the trial court refused, the submission of any limitation issue as a defense to the contract claim.

[3] Defendant notes that it objected, without success, to evidence that purportedly went beyond the scope of the pleadings. It does not assign error to the overruling of the objection. It also argues that plaintiff did not move to amend its pleading to conform to the proof. *But see* ORCP 23B.

[4] The allegations are:

"6

"Under the provisions of the credit agreement between [plaintiff] Dynagraphics and [defendant] USNB, Dynagraphics was required to notify USNB of any accounts it intended to take on which would amount to more than 10 percent of total receivables. Upon such notification, USNB agreed to evaluate the financial ability of the entity generating this potential account. If adverse information about this entity was developed, USNB agreed to notify its customer that the

Defendant argues in its next two assignments that the court erred by denying its motions for directed verdict, made on the grounds that its conduct did not cause plaintiff's damages and that the damages were not foreseeable to the parties at the time of contracting. The predicate for the arguments are the facts, as understood by defendant, that the printing and other costs for the project greatly exceeded the parties' original expectations, that Beyond Words Publishing Company *has* paid plaintiff an amount that falls within the limits of the original estimate and that the evidence at trial showed that, at the time of the contract and its breach, Cohn and his affiliates could have made payments within those limits. Therefore, defendant reasons, the same losses would have happened, whether it had performed its contract or not.

Specifically, defendant contends that the damages were not foreseeable, because it could not have anticipated that the project expenses would go above the amounts that any review of Cohn's finances would have shown that he could pay. The Supreme Court explained in *Cont. Plants v. Measured Mkt.*, 274 Or 621, 547 P2d 1368 (1976):

"The applicable rule in determining whether pecuniary harm

---

account receivable generated would not be an 'eligible receivable' against which USNB would advance funds.

"7

"To provide services to its clients including plaintiff as described in paragraph 6, USNB has a commercial credit department which performs credit investigations of various entities, including potential accounts to be taken on by its customers. USNB has a practices and procedures manual that provides guidelines for evaluation of financial ability and sets forth facts that may be disclosed in response to a credit inquiry. Responding to credit inquiries is part of the normal business of USNB.

"* * * * *

"28

"USNB breached its contract to lend to Dynagraphics by:

"(a) Failing to adequately investigate the creditworthiness of Cohn and Beyond Words when it learned that Dynagraphics contemplated undertaking the Earthsong Project, which would generate accounts receivable in excess of 10 percent of total accounts receivable; and

"(b) Failing to promptly notify Dynagraphics that the Earthsong Project account receivable would not be eligible to be in Dynagraphics' borrowing base."

Defendant contends that the pleading refers only to its letter of offer and, specifically, its single paragraph:

"Debtor credit limits will be established on accounts which equal of [*sic*] exceed 10% of the aging total."

caused in fact by the breach is compensable is set forth in the English case of *Hadley v. Baxendale,* 9 Exch 341 (1854) in the following words:

> " 'Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally; i.e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach.'

"The rule is basically one of foreseeability and is stated in 5 Corbin on Contracts 79, § 1010 (1964) as follows:

> " '* * * All that is necessary, in order to charge the defendant with a particular loss, is that it is one that ordinarily follows the breach of such a contract in the usual course of events, or that reasonable men in the position of the parties would have foreseen as a probable result of breach. It is not necessary that the parties should have given the matter a moment's thought or should have expressed themselves on the subject * * *.' " 274 Or at 625-26.

The court also noted that, at least under the facts in *Cont. Plants:*

> "The question whether or not defendant would, in fact, foresee, or would have had reason to foresee, the injury that plaintiff has suffered is a question of fact." 274 Or at 627.

■     It approaches the self-evident that a trier of fact can find that the breach of a contract to check a debtor's credit can have the foreseeable result of the creditor not getting paid. It is equally foreseeable that expenses and debts might exceed original expectations. It is also within the realm of the foreseeable that a creditor's understandings about a debtor's financial situation might affect the expenses that the creditor would incur. Defendant's view appears to be that the facts *known* at the time of contracting are the only facts that can be foreseen. That is incorrect. The question of foreseeability was properly given to the jury, and the evidence and inferences support its finding.

■     Defendant also argues that, if it had performed and

had discovered the correct facts about Cohn's financial situation, plaintiff would *in fact* have considered him a safe risk to pay the expenses that were anticipated at the time and would have undertaken the project. Hence, defendant argues, its failure to perform was not the cause of the damages. Defendant bases the argument on the testimony of plaintiff's president, which can be characterized fairly as stating the fact that defendant espouses. However, there was contrary evidence to support the verdict.

■    Defendant's final assignment is that the court erred by submitting to the jury as an item of awardable damages the "late charges" and interest payable from Cohn to plaintiff under the promissory note that the former executed in connection with the printing project transactions. Defendant contends that those amounts constitute prejudgment interest and are not "readily ascertainable." *But see Forest Ind. Ins. Exchange v. U. S. Fidelity,* 80 Or App 724, 723 P2d 381 (1986). Defendant is not correct, because the amounts are not "prejudgment interest." That term has been used in the cases to refer to interest, included in a judgment, that is calculated on the damages that the judgment awards and from the date that the damages accrued rather than from the date of judgment. *See, e.g., Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or App 282, 292-93, 709 P2d 1103 (1985), *vacated* 301 Or 763, 724 P2d 822 (1986), and cases there cited. The interest that concerns defendant, conversely, is part of Cohn's debt to plaintiff that has not been paid because of defendant's breach; in other words, it is part of plaintiff's actual damages, rather than interest on those damages.

    Affirmed.