Argued and submitted March 18, affirmed in part; vacated in part
December 16, 1998

Rachael WINFREY,
*Appellant,*

*v.*

DOWNTOWN DELICATESSEN, INC.,
an Oregon corporation,
and Ted Papas, individually,
*Respondents,*

*and*

Ted PAPAS
and John Papatheodorou,
dba Downtown Deli and Greek Cusina,
*Defendants.*

(9412-08239; CA A91202)

971 P2d 476

Michael H. Bloom argued the cause for appellant. With him on the briefs was Michael H. Bloom, P.C.

Alan Gladstone argued the cause for respondents. On the brief were Lindsey H. Hughes and Hallmark, Keating & Abbott, P.C.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

This is a personal injury action in which plaintiff sought damages for injuries she sustained from a blow to her jaw. While in a delicatessen, plaintiff and another customer became involved in an altercation. Defendant Ted Papas, an employee and co-owner of the delicatessen, intervened and, in responding to the altercation, struck plaintiff in the jaw. Plaintiff sued Papas for negligence and Downtown Delicatessen, Inc. (Delicatessen) for vicarious liability and negligent retention.[1] As to all three claims, plaintiff sought identical damages for alleged medical and dental expenses, emotional distress, and lost earning capacity.[2] Before trial, the trial court granted partial summary judgment for Delicatessen on the negligent retention claim. The claims against Papas for negligence and against Delicatessen for vicarious liability were tried to a jury. The jury found for plaintiff on both claims, awarding her $56,700 in damages. Plaintiff appeals, assigning error to the trial court's grant of partial summary judgment and to the trial court's denial of plaintiff's post-trial motion for costs and fees as monetary sanctions for alleged discovery violations.[3] We affirm the entry of partial summary judgment and vacate the supplemental judgment denying costs, attorney fees, and sanctions.

As to plaintiff's first assignment of error—whether the trial court erred in granting partial summary judgment—defendants argue as a threshold matter that we

---

[1] More specifically, plaintiff alleged that Delicatessen was negligent "[i]n knowing Defendant Papas has a propensity for violence and presented a risk to customers and failing to take measures to eliminate the risk or otherwise protect customers from him." The parties refer to that as a "negligent retention" claim, and we adhere to that shorthand.

[2] Plaintiff also sought punitive damages, but only on the negligence and vicarious liability claims. Before trial, the court granted defendants' motion for judgment on the pleadings on the ground that plaintiff had failed to state a cause of action that would support punitive damages. Plaintiff does not raise any claim of error regarding that ruling.

[3] After the ruling on summary judgment, the trial court entered a judgment under ORCP 67 B. The remaining claims against defendants proceeded to trial. Judgment on the jury verdict was entered only three days after plaintiff filed her appeal from the ORCP 67 B judgment. Neither party appealed the final judgment in the case. Thereafter, the trial court entered a supplemental judgment denying plaintiff's post-trial motion. Plaintiff amended her notice of appeal to include that supplemental judgment.

should not reach the issue because it is moot. They contend that plaintiff received full compensation when she accepted payment of the judgment and, therefore, we would be resolving merely an abstract question without practical effect. Defendants also characterize the problem as one of waiver, based on plaintiff's acceptance of the benefits of the judgment.[4] Plaintiff, in response, argues that she has additional damages that were not placed before the jury on her negligence and vicarious liability claims. She urges that this appeal can improve her position because there is a potential, upon trial of the negligent retention claim, for her to obtain further compensation for damages arising from her injuries.

Because a ruling for plaintiff on her challenge to the grant of summary judgment on the negligent retention claim could result in a remand for trial on that claim, this is not a situation where we are called on to decide a purely abstract question of law, without any potential to afford practical relief. Thus, the problem is not one of mootness. *See generally State ex rel Mult. Co. ESD v. Dooley*, 295 Or 138, 664 P2d 417 (1983). Nor is the problem accurately described as a waiver of plaintiff's right to appeal by "acceptance of the benefits of the judgment." *See Graf v. Don Rasmussen Co.*, 39 Or App 311, 314, 592 P2d 250, *rev den* 286 Or 521 (1979). A conclusion that the negligent retention claim should have been submitted to the jury would not require reversal or retrial on plaintiff's other theories of liability. Thus, plaintiff need not risk what she has already won to challenge the summary judgment on her negligent retention claim. *See id.*

■　　Although we disagree with defendants' characterization of the problem, we do agree with defendants that plaintiff may not now proceed on her third theory of liability and attempt to improve her evidence on her damages. The real issue is whether, even assuming that the trial court erred in granting partial summary judgment, that error could have been prejudical to plaintiff in any way. Put simply, in light of her success before the jury on the alternative

---

[4] The judgment was entered on December 18, 1995. On February 14, 1996, defendants paid and plaintiff accepted full payment of the amount of the judgment—*i.e.*, $56,700 in damages and $1,948 in costs.

theories of liability, did the partial grant of summary judgment prejudice plaintiff? We conclude that it did not.

Plaintiff pleaded three claims against two defendants, with identical general and compensatory damage allegations as to each. Specifically, in plaintiff's first claim for relief (negligence against Papas), plaintiff sought economic and noneconomic damages of: $1,000,000 for depression and loss of enjoyment of life; $12,000 for medical expenses; and $1,000,000 for lost earning capacity. In the second and third claims for relief (vicarious liability and negligent retention), plaintiff incorporated by reference those damage paragraphs from the first claim. Thus, the damages alleged on each of the three claims were identical.

In substance, then, plaintiff's complaint operated to assert a single set of damages, with three theories of potential liability and two potentially liable defendants. Plaintiff alleged that Papas was negligent for striking her, that Delicatessen should be vicariously liable for Papas's negligence in striking her, and that Delicatessen should be directly liable for Papas's negligence in striking her because it negligently retained him in its employ. As to all three claims, the damages were the same: injuries and losses suffered due to Papas's single blow to plaintiff's jaw.

Consequently, when the trial court withdrew the negligent retention claim from the jury's consideration, the *only* difference in the posture of the case was that the jury had two theories of liability to consider instead of three. There was no change in the character or number of defendants—that is, both Papas in an individual capacity and Delicatessen in a corporate capacity remained in the case. Nor did the elimination of the third claim alter the nature, scope, or amount of damages pleaded. When the case proceeded to trial on the remaining two claims, plaintiff's allegations of damages remained fully intact and plaintiff's ability fully to try the alleged damages was unchanged. Indeed, the allegations were tried, and they were tried successfully. The jury found both Papas and Delicatessen liable and awarded plaintiff economic and noneconomic damages totaling $56,700.

Given the way plaintiff pleaded her complaint, plaintiff cannot be said to have been prejudiced by the ruling

on the motion for partial summary judgment. The situation would be different had plaintiff alleged some damages on her stricken claim (negligent retention) that were not pleaded as part of the claims that the jury tried. To be sure, a plaintiff is entitled to structure a complaint as he or she may choose, alleging different damages on the various theories of liability, or identical damages, depending on the proofs and the plaintiff's trial strategy. Having structured her complaint as she did, however, plaintiff rendered the compensatory damage allegations as to each claim wholly redundant, and she necessarily was not harmed, in terms of her opportunity to prove her damages, when the court struck the one theory of liability.

Nevertheless, plaintiff urges that she is harmed because she has additional proofs that were not placed before the jury. She points first to evidence of *future* medical and dental expenses that she did not plead. Plaintiff moved to amend her complaint to add those damages. The trial court denied the motion on the ground that defendants had insufficient notice of those added damage claims, a ruling that plaintiff does not challenge on appeal. Plaintiff also relies on damages that she did properly plead, but that she then voluntarily declined to place before the jury. Specifically, plaintiff withdrew her damage claims for cracked teeth, depression, and loss of earning capacity in the amount of $1,000,000 and failed to present evidence of them to the jury. She did so only for "strategic reasons."[5]

■　　　The problem for plaintiff is that the trial court's partial summary judgment ruling had no effect, practical or legal, on her ability or opportunity to plead and prove her damages in full. To whatever extent her damages were not fully litigated, that was a consequence of the trial court's unchallenged ruling on the motion to amend and of plaintiff's unilateral strategic choice not to submit certain damage allegations and proofs to the jury. In effect, then, plaintiff seeks an opportunity to recover damages that she could have

---

[5] Plaintiff did not designate the trial transcript. On appeal, counsel for plaintiff represented that those damage claims were voluntarily withdrawn for "strategic reasons."

sought in the first trial, but did not, for reasons having nothing to do with the ruling she challenges. Plaintiff may not try her case to her best advantage and then, after receiving a favorable verdict, take a second shot at additional damages, risk-free.[6] Plaintiff's prejudice, if any, can only be described as self-inflicted and unrelated to the ruling about which she complains. We conclude that the challenged ruling, even if erroneous, is not reversible error. We therefore do not address the substantive merits of plaintiff's challenge to the partial grant of summary judgment. *See generally Ainslie v. First Interstate Bank*, 148 Or App 162, 183, 939 P2d 125 (1997), *rev dismissed* 326 Or 627 (1998) (where damages awarded on contract claim duplicated and were subsumed within those awarded on fiduciary duty claim, contract claim had no independent dispositive effect on judgment and would not be considered on appeal); *Dynagraphics, Inc. v. U.S. National Bank of Oregon*, 100 Or App 108, 110, 785 P2d 760, *rev dismissed* 310 Or 120 (1990) (where identical and overlapping damages are awarded on alternate theories of liability, the verdict on either claim is independently adequate to support the judgment).

■    Plaintiff also assigns error to the trial court's "supplemental judgment" denying her ORCP 46 B(3) motion for sanctions for alleged discovery violations. Before trial, plaintiff sought discovery of the names and current addresses of all eye witnesses to the altercation in the delicatessen that led to plaintiff's injuries. In later seeking sanctions, plaintiff asserted that "[a]t trial and just prior to trial it became evident that defendants withheld said information" with regard

---

[6] Although this is not a circumstance that directly allows a claim preclusion analysis, the posture of this case presents a parallel concern. Claim preclusion prevents a party who has litigated a cause of action to a final judgment from bringing a subsequent cause of action against the same party, based on the same factual transaction, seeking an additional or alternative remedy, if the claim could have been joined in the first action. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). The rationale for the doctrine is that because "litigation should not be interminable," the law limits parties "to one day in court, thereby requiring them to bring forward all claims and demands properly belonging to the cause of suit or defense, as well as their evidence in support of their respective theories." *Belle v. Brown*, 37 Or 588, 592, 61 P 1024 (1900). Thus, judgments are conclusive, not only as to what was actually tried, but also as to whatever might have been litigated. *Id.* Here, plaintiff essentially seeks to try her case piecemeal, withholding some proofs regarding damages that could have been presented, so that she may improve her position without risk to her judgment for $57,000.

to specific witnesses. Plaintiff, therefore, moved to recover certain expenses she claimed to have incurred as a result of the alleged discovery violation—*i.e.*, investigatory costs, court reporter and interpreter costs, and attorney fees. Notably, plaintiff did not file the motion when she learned of the alleged discovery violation, or at any other point during trial. Instead, plaintiff waited until more than three weeks after entry of the judgment.

The trial court denied the motion on two bases. First, it ruled that the motion was subject to the time constraints of ORCP 68 and therefore had to be filed within 14 days of the entry of judgment on the verdict. Second, the trial court found the evidence inadequate to establish a discovery violation. The trial court entered a "supplemental judgment" denying the requested expenses, and plaintiff filed a "supplemental notice of appeal" from that judgment.

On appeal, the parties debate the correctness both of the trial court's untimeliness ruling and of its conclusion that there was inadequate evidence of the claimed discovery violation. We do not reach those questions, however, because we conclude that the trial court had no authority to consider the motion at any point after entry of judgment.

ORCP 46 B is the source of a trial court's authority to impose sanctions on a party for noncompliance with discovery obligations. Subsection 2 of the rule addresses nonmonetary sanctions (*e.g.*, evidentiary limitations, stay of proceedings, holding the disobedient party in contempt), stating that such sanctions may be imposed only by the court "in which the action is pending." Subsection 3 addresses monetary sanctions:

> "In lieu of any order listed in subsection (2) of this section or in addition thereto, the court shall require the party failing to obey the order or the attorney advising such party or both to pay the reasonable expenses * * * caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

In substance, subsection 3 requires the court to impose monetary sanctions in addition to or in lieu of nonmonetary ones, unless doing so would be unjust. Thus, the

statute is a grant of complementary sanctioning authority. Necessarily, the two subsections refer to the same court. The key language, then, is the language in subsection 2 that confers sanctioning authority on the court "in which the action is pending." If the action is no longer pending, the court no longer has authority to rule on a motion for sanctions.

Here, judgment had been entered more than three weeks before plaintiff filed the motion for sanctions. Consequently, plaintiff's motion was untimely, not because it was filed after the 14-day time period imposed by ORCP 68, but because it was not filed while the action was pending in the trial court. *State v. Hilborn*, 299 Or 608, 611, 705 P2d 192 (1985) (an action is considered pending from its inception until the rendition of a final judgment). *Accord In re Thompson*, 325 Or 467, 472 n 1, 940 P2d 512 (1997). The trial court therefore had no authority to consider the motion.

Judgment affirmed; supplemental judgment denying plaintiff's motion for costs, attorney fees, and sanctions vacated.