NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICOLE GILILLAND, an individual,

        Plaintiff-Appellee,

  v.

SOUTHWESTERN OREGON
COMMUNITY COLLEGE DISTRICT, by
and through its Board of Education, an
Oregon community college district and
board; SOUTHWESTERN OREGON
COMMUNITY COLLEGE, an Oregon
community college,

        Defendants-Appellants.

No.   23-35028

D.C. No. 6:19-cv-00283-MK

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Argued and Submitted April 4, 2024
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and RAYES,** District Judge.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Defendant Southwestern Oregon Community College ("SWOCC") appeals a partial judgment in favor of Plaintiff Nicole Gililland after a jury trial. The jury found in favor of Gililland on her breach of contract claim and awarded economic and noneconomic damages. We review the district court's denial of a renewed motion for judgment as a matter of law de novo. *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). We affirm in part and reverse in part.

1. To start, we hold that the terms of SWOCC's policy were enforceable in contract. The student-college relationship is contractual in nature. *See Tate v. N. Pac. Coll.*, 140 P. 743, 745 (Or. 1914). We predict that the Oregon Supreme Court would agree with the consensus of federal district courts that have held, in interpreting Oregon law, that "[t]he catalogs, bulletins, circulars, and regulations of the institution made available to the matriculant bec[o]me a part of the contract" between the student and the college, *Bird v. Lewis & Clark Coll.*, 104 F. Supp. 2d 1271, 1276 (D. Or. 2000) (citation and quotation marks omitted), and that the relevant question is whether the college "manifested assent" to be bound by them, *Vejo v. Portland Pub. Schs.*, 204 F. Supp. 3d 1149, 1175-77 (D. Or. 2016) (citation omitted), *rev'd on other grounds*, 737 F. App'x 309 (9th Cir. 2018). *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990). Here, there was sufficient evidence for the jury to find that SWOCC manifested assent to be bound by the provisions of the policy.

2.  Next, we hold that the jury verdict on the Title IX claim does not undermine the verdict on the contract claim.  We note first that "there is no duty to reconcile inconsistent general verdicts," *Williams v. Gaye*, 895 F.3d 1106, 1132 (9th Cir. 2018), and here the jury returned general verdicts that offered only the ultimate legal conclusion on each claim.  Regardless, the verdicts were not irreconcilable because Title IX contains several highly specific requirements that were not applicable to the contract claim.  There was sufficient evidence in the record for the jury to conclude that if SWOCC had complied with its obligations, Gililland would have been able to continue in the nursing program, even if the jury thought that evidence did not support a Title IX violation.

3.  We also hold that Gililland's economic losses were a foreseeable result of the breach.  Whether damages are foreseeable is a question of fact for the jury. *Dynagraphics, Inc. v. U.S. Nat'l Bank of Or.*, 785 P.2d 760, 763 (Or. Ct. App. 1990).  The jury was properly instructed that Gililland was entitled to recover consequential damages that were reasonably within the contemplation of the parties when the contract was formed and were proximately caused by the breach. *See Cont'l Plants Corp. v. Measured Mktg. Serv., Inc.*, 547 P.2d 1368, 1371 (Or. 1976) ("All that is necessary . . . is that [the loss] is one that ordinarily follows the breach of such a contract in the usual course of events, or that reasonable [persons] in the position of the parties would have foreseen as a probable result of breach."

3

(quoting 5 Corbin on Contracts 79 § 1010 (1964))).  Having to unenroll and begin a new career path was a foreseeable result of SWOCC's failure to follow the policy, and Gililland presented unrebutted evidence of the amount of her damages encompassing losses related to her unenrollment.

4.  We hold, however, that the $1 million noneconomic damages award was not recoverable because Oregon follows the general rule that "emotional distress damages are not recoverable" for breach of contract.[1]  *Moody v. Or. Cmty. Credit Union*, 542 P.3d 24, 42 (Or. 2023); *see also Moser v. DKN Ind.*, 82 P.3d 1052, 1054 (Or. Ct. App. 2004).  Oregon allows a plaintiff to recover emotional distress damages where a breach of contract causes physical pain, but that exception has been applied only where the breach is intrinsically tied to physical pain, not where a breach causes mental suffering that in turn causes physical pain.  *See Coffey v. Nw. Hosp. Ass'n*, 189 P. 407, 408-09 (Or. 1920) (denying rehearing); *McKenzie v. Pac. Health & Life Ins. Co.*, 847 P.2d 879, 880, 882 (Or. Ct. App. 1993).  And the prohibition on emotional distress damages applies despite foreseeability.  *See*

---

[1] Gililland argues that some of the award could have been for other categories of noneconomic damages: reputational damage and interference with activities.  Although courts have allowed reputation damages for *identifiable*, *economic* losses, there is no indication that Oregon courts would have allowed the sort of speculative, immeasurable damages awarded here, as Gililland's own cited cases show.  *See, e.g.*, *Buck v. Mueller*, 351 P.2d 61, 66 (Or. 1960) ("Denominating defendant's conduct as a breach of contract does not give the plaintiff a license to demand damages not subject to measurement.").

*Keltner v. Washington County*, 800 P.2d 752, 755-58, (Or. 1990) (declining to adopt the rule that emotional distress damages may be recovered in contract even where "emotional security is the very object of the promise[]" (citation and quotation marks omitted)).  We thus vacate the $1 million award of noneconomic damages.

Each party shall bear its own costs.

**REVERSED IN PART AND AFFIRMED IN PART.**